MEMORANDUM ***
Plaintiff Alfonso Dominguez was insured by Defendant Mutual Life Insurance Company of New York. Defendant discontinued Plaintiffs disability benefits after concluding that his activities contradicted his claim of total disability.
Thereafter, Plaintiff voluntarily filed for Chapter 7 bankruptcy. In that proceeding, he declared that he had no interest in any insurance policy and that his interest in a potential “bad faith” claim against Defendant was worth $1. Plaintiff received a discharge in bankruptcy, based on his filings.
Before being discharged, Plaintiff had filed this action, without informing the bankruptcy court, seeking more than $75,000 in damages on a variety of theories (including breach of the implied covenant of good faith and fair dealing) based on his insurance policy with Defendant. Defendant removed the action from state to federal court. The district court dismissed the action.
In these circumstances, and for the reasons ably explained by the district court, Plaintiff is judicially estopped from pursuing the present action. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir.2001) (holding that an insured was judicially estopped from pursuing his claim against his insurer because he had failed to list his insurance claim and pending litigation on his Chapter 7 bankruptcy schedules).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.